IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-02506-BNB

BOBBY BAKER,

Applicant,

v.

LOU ARCHULETA, Warden, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

Respondents.

---

ORDER OF DISMISSAL

---

Applicant, Bobby Baker, is in the custody of the Colorado Department of Corrections at the Fremont Correctional Facility in Cañon City, Colorado. Applicant initiated this action by filing an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 with this Court on September 13, 2013. Applicant raises three claims challenging the validity of his conviction in Jefferson County District Court Case No. 01CR480. Applicant asserts (1) he was denied effective assistance of counsel, (2) the district court improperly admitted evidence, and (3) his consecutive sentences are illegal and unconstitutional.

On October 21, 2013, Magistrate Judge Boyd N. Boland directed Respondents to file a Pre-Answer Response addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A). Respondents submitted a Response on December 6, 2013. The Court granted Applicant an extension of time to reply on January 14, and again on February 7, 2014. Applicant, however, has not replied within the time allowed.

The Court must construe liberally the Application because Applicant is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court does not "assume the role of advocate for the *pro se* litigant." *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the action because it is barred by the one-year limitation period in 28 U.S.C. § 2244(d).

The underlying facts were summarized by the Colorado Court of Appeals (CCA) as follows:

> Following a jury trial, defendant was found guilty of extreme indifference first degree assault, second degree kidnapping of a victim of a sexual assault, and five counts of sexual assault, including two aggravated counts: one for causing submission of the victim by threats of imminent harm and one for causing her submission by threats of future harm. Defendant was sentenced to consecutive twenty-four-year terms in the Department of Corrections for the first degree assault and second degree kidnapping counts, and a consecutive sentence of twenty-four years to life imprisonment for the sexual assaults, plus mandatory parole of twenty years to life.

*People v. Baker*, 178 P.3d 1225, 1228 (Colo. App. Oct. 4, 2007). After the Colorado Supreme Court (CSC) ordered the CCA to accept Applicant's notice of appeal as timely and proceed with the appeal, *see People v. Baker*, 104 P.3d 893, 898 (Colo. 2005), the CCA vacated the judgment as to the jury's finding of the class three felony aggravator under Colo. Rev. Stat. § 18-3-402(4)(c), but affirmed in all other respects on October 4, 2007, *see id.* at 1235. Applicant's petition for certiorari review was denied on September 6, 2008. *Id.* at 1225.

Applicant then filed a Colo. R. Crim. P. 35(b) postconviction motion on January 9, 2009, which was denied on July 6, 2009. Application at 6. Applicant also asserts that

he filed a Colo. R. Crim. P. 35(c) on August 31, 2009, that was denied on March 31, 2010. *Id.* at 7. Applicant further asserts that he appealed the Rule 35(b) motion at the same time he appealed his Colo. R. Crim. P. 35(c) postconviction motion, and both were denied on December 15, 2011. *Id.* at 6-7. The petition for certiorari review of the postconviction motions was denied on August 27, 2012. *Id.*

Respondents argue that this action is untimely under the one-year limitation period set forth in 28 U.S.C. § 2244(d)(1). Section 2244(d) provides as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Applicant did not file a petition for a writ of certiorari in the United States

Supreme Court on direct appeal, but he had ninety days to do so after the Colorado Supreme Court denied his petition for certiorari review. *See* Sup. Ct. R. 13.1. Therefore, figuring from September 7, 2008, the day after the writ for certiorari was denied, Applicant's conviction became final December 5, 2008, when the time for seeking review in the United States Supreme Court expired. *See Locke v. Saffle*, 237 F.3d 1269, 1273 (10th Cir. 2001) (citing *Rhine v. Boone*, 182 F.3d 1153, 1155 (10th Cir. 1999.

The Court next must determine whether any of Applicant's state postconviction motions tolled the one-year limitation period. Pursuant to 28 U.S.C.§ 2244(d)(2), a properly filed state court post-conviction motion tolls the one-year limitation period while the motion is pending. Applicant did not file his first postconviction motion until January 9, 2009. Time for purposes of § 2244(d) was not tolled from December 6, 2008, the day after his conviction and sentence was final, until January 8, 2009, the day before he filed his first postconviction motion, a total of **34** days. The next period that time is not tolled under § 2244(d), a total of **10** days, extends from August 20, 2009, the day after the time ran for Applicant to file an appeal of the denial of his first postconviction motion, *see* Colo. App. R. 4(b), until August 30, 2009, the day prior to when he filed his second postconviction motion. Finally, from August 28, 2012, the day after the CSC denied certiorari review of Applicant's appeal of his post conviction motions, until September 12, 2013, the day prior to when Applicant filed this action, a total of 380 days are not tolled. Overall, 424 days are not tolled for the purpose of § 2244(d).
This action, therefore, is time barred.

"[T]he timeliness provision in the federal habeas corpus statute is subject to

equitable tolling." *Holland v. Florida*, 130 S. Ct. 2549, 2554 (2010). "[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id.* at 2562 (internal quotation marks and citation omitted); *accord Yang v. Archuleta*, 525 F.3d 925, 929 (10th Cir. 2008) (" 'Equitable tolling is a rare remedy to be applied in unusual circumstances, not a cure-all for an entirely common state of affairs.' ") (quoting *Wallace v. Kato*, 549 U.S. 384, 396 (2007)). The inmate must allege with specificity the steps he took to pursue his federal claims. *Yang*, 525 F.3d at 930. Finally, the inmate bears the burden of demonstrating that equitable tolling is appropriate. *See Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998).

On Page Seven of the Application form, under the "Timeliness of Application" section, Applicant is asked to explain why the Application is not barred by the one-year limitation period in § 2244(d). Applicant states the "filing of habeas corpus is timely as the mandate from the Colorado Court of Appeals issued on or after September 10, 2012. Applicant fails to address the additional forty-four days that were not tolled, identified above, and he is incorrect that the time from when the CSC denies review until when the mandate is issued is tolled for the purposes of § 2244(d). *See Barnett v. Lemaster*, 167 F.3d 1321, 1323 (10th Cir. 1999) (finding that postconviction motion tolled the one-year limitation period from the day it was filed until the state supreme court denied certiorari review); *see also Serrano v. Williams*, 383 F.3d 1181, 1185 (10th Cir. 2004) (refusing to extend tolling period for postconviction motion to the date the mandate issued). The Court, therefore, will dismiss this action as time-barred.

Because the action is time-barred, the Court need not address Respondents'

argument that Applicant's claims are procedurally defaulted.

The Court also certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order is not taken in good faith, and, therefore, *in forma pauperis* status is denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Applicant files a notice of appeal he must also pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 is denied and this action is dismissed as time-barred under 28 U.S.C. § 2244(d). It is

FURTHER ORDERED that no certificate of appealability shall issue because Applicant has failed to show that jurists of reason would find it debatable that the district court was correct in its procedural ruling. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.

DATED at Denver, Colorado, this 4th day of April, 2014.

BY THE COURT:

s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court